IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL ANTRANTRINO LEE,

   Petitioner,

v.               CIVIL ACTION NO.: CV211-079

ANTHONY HAYNES, Warden, and
HARLEY G. LAPPINS, Director
of B.O.P.,

   Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Lee ("Lee"), an inmate currently incarcerated[1] at the Federal Transit Center in Oklahoma City, Oklahoma, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was housed at the Federal Correctional Institution in Jesup, Georgia. Respondent filed a Response. For the reasons which follow, Lee's petition should be **DENIED**.

## STATEMENT OF THE CASE

Lee was convicted in the United States District Court for the Eastern District of North Carolina of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846; carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. §

---

[1] Lee has been transferred to the United States Penitentiary in Beaumont, Texas, and is in transit. (Doc. No. 13-2, p. 3).

1

924(c)(1)(A)(i); and criminal forfeiture, in violation of 21 U.S.C. § 853. (Doc. No. 13-1, p. 9). Lee was sentenced to 420 months' imprisonment, which was later reduced to 384 months' imprisonment based on the revised offense levels for crack cocaine. (Doc. No. 13-2, p. 2). Lee was assessed a $10,000.00 fine and a $200.00 special assessment. (Doc. No. 13-1, p. 3).

In the instant petition, Lee alleges that the Bureau of Prisons ("BOP") is forcing him to pay a criminal fine that the sentencing court assessed. Lee asserts that his plea agreement states that this fine was payable immediately, and the BOP requiring him to pay this fine while he is incarcerated is improper. Lee also asserts that he is subjected to the loss of privileges, a custody level increase, and being restricted from jobs if he is unable to pay this fine, which violates the Constitution. Lee further asserts that the sentencing court cannot delegate the collection of this fine to the BOP or any other agency.

Respondent contends that Lee's petition should be dismissed as moot, as Lee no longer has a continuing obligation under the Inmate Financial Responsibility Program ("IFRP") while he is in transit. In the alternative, Respondent asserts that Lee's claims are without merit and should be denied.

## DISCUSSION AND CITATION OF AUTHORITY

Respondent contends that the purpose of the IRFP "is to encourage sentenced inmates to meet their legitimate financial obligations." (Doc. No. 13-2, p. 5). Respondent asserts that the financial obligations imposed upon an inmate during his initial classification include special assessments and court-ordered restitution, fines, and costs. Respondent also asserts that an inmate's participation in the IFRP is monitored,

AO 72A
(Rev. 8/82)

and there usually are adverse effects for an inmate who refuses to participate in the IFRP or comply with the financial plan provisions. Respondent avers that a sentencing court's assessment of a fine or other financial obligation creates a debt owed by the inmate, which the BOP uses as a basis for the inmate to demonstrate his financial responsibility. Respondent alleges that the district court did not delegate the collection of Lee's fine to the BOP. Rather, Respondent contends, the district court set a schedule for payment, and the administrative supervision of those payments may be delegated to the discretion of the BOP.

"A person sentenced to pay a fine or other monetary penalty . . . shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). Pursuant to the authority delegated to the Director of the BOP in 28 C.F.R. § 0.96(o), the BOP enacted the IFRP. 28 C.F.R. § 545.10, et seq.. Through the IFRP, the BOP encourages every "sentenced inmate to meet his . . . legitimate financial obligations. As part of the initial classification process, staff will assist the inmate in developing a financial plan for meeting those obligations, and at subsequent program reviews, staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility." 28 C.F.R. § 545.10. A fine imposed as part of an inmate's sentence qualifies as an inmate financial obligation. 28 C.F.R. § 545.11(a)(3). The BOP determines whether an inmate participates in the IFRP when an inmate's "demonstrated level of responsible behavior" is assessed. 28 C.F.R. § 545.11(c). Failure to comply with the IFRP can result in punitive action by the BOP. 28 C.F.R. §§ 545.11(d)(1)-(9), (11).

It does not appear that the sentencing court established a date certain for Lee's payment of his fine, nor did that court provide for payment of his fine in installments. (Doc. No. 13-1, p. 14). Accordingly, Lee's fine was due in full immediately. The sentencing judge proscribed that "if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment [to the Financial Unit for Clerk of Court]. . . except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program." (Id.). Pursuant to 28 C.F.R. § 545.11 and Program Statement 5380.08[2], a financial plan was developed for Lee. Lee initially agreed to pay $25.00 on a quarterly basis, and he has a balance of $8,488.76 remaining on his $10,000.00 fine. (Doc. No. 13-1, pp. 17, 20). The BOP is well within its authority to establish and monitor the IFRP at its facilities. See 28 C.F.R. § 0.96(o); 28 C.F.R. § 545.10. Because the BOP has not violated the guidelines set forth in the IFRP, Lee's claim is without merit.

In addition, every Circuit which has addressed the IFRP has approved of it and found no due process violations. See Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998) (listing cases). The Court of Appeals for the Eleventh Circuit has not indicated that it would vary from the holdings of other Circuits. See Williams v. Pearson, 197 F. App'x 872, 877 (11th Cir. 2006) (concluding that petitioner's argument that the IFRP violated due process rights was meritless). Therefore, there is no violation of the Constitution in the BOP's attempt to collect Lee's fine.

It is unnecessary to address the alternative ground set forth in the Response.

---

[3] Program Statement 5380.08 is the BOP's promulgation of 28 C.F.R. §§ 545.10-11.

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Lee's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 11th day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)